{¶ 51} I respectfully dissent from the majority opinion.
 {¶ 52} The majority appears to improperly weigh the credibility of evidence in resolving assignment of error number one. Specifically, the majority states:
 {¶ 53} "Obviously, a dispute exists as to whether Appellee expressed an opinion as to Appellant Nancy Johnson's life-threatening condition preventing transfer.
 {¶ 54} The contemporaneous hospital record and the recollection of Mr. Benson, as a non-interested party would be more reliable than the memories of interested witnesses expressed long after the event." (Maj. ¶ 7)
 {¶ 55} I find the above inappropriate in our review of a summary judgment proceeding.
 {¶ 56} Pursuant to Civil Rule 56, summary judgment shall be rendered * * * if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). The moving party carries the burden of proving that no genuine issue of fact exists, and all reasonable inferences shall be resolved in favor of the opposing party. Summary judgment is admittedly "a drastic device since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury." Dupler v. Mansfield Journal Co., Inc.
(1980), 64 Ohio St.2d 116; Heyman v. Commerce and Industry Ins. Co.
(C.A. 2, 1975), 524 F.2d 1317, 1320. However, courts have not hesitated to grant such a motion where "it is plain that the record has been fully developed by depositions and affidavits * * * and such record demonstrates that, construing all the facts and inferences to be drawn therefrom in favor of the party against whom the judgment is entered, he would not be entitled to have a jury verdict stand * * *. Id; Time, Inc.v. McLaney (C.A. 5, 1969), 406 F.2d 565, 572.
 {¶ 57} Appellants argue a question of fact remains as to whether appellee obtained written consent from Nancy Johnson by misrepresentation. Specifically, appellants maintain Dr. Munther misrepresented to them Nancy Johnson would not live if she was transported to a Columbus Hospital; therefore, the consent was invalid. Appellants cite the deposition testimony of Lisa Bailey and Harold Johnson in support.
 {¶ 58} Lisa Bailey testified at deposition:
 {¶ 59} "Q. What conversation took place when he came into the room, if you recall?
 {¶ 60} "A. Well, he introduced himself, told us he was chief of surgery and that he was there to help. And this is where my conversation with him happened.
 {¶ 61} "Q. Okay.
 {¶ 62} "A. So we were — she was being transferred to Riverside. I can't let her go to Riverside because I am responsible for her. That is what he said.
 {¶ 63} "Q. Okay.
 {¶ 64} "A. She is not well enough, she will not make it to Riverside. And I asked why he couldn't lifeflight her.
 {¶ 65} "Q. Okay. And why not; what was the answer?
 {¶ 66} "A. Because he was responsible for her. If she left and she would pass, he felt he would be responsible.
 {¶ 67} "Q. And who was in the room at the time this conversation between you and Dr. Munther took place?
 {¶ 68} "A. My dad, my mom, Aunt Kathy and Valerie." Tr. at 23.
 {¶ 69} Harold Johnson's testimony at deposition states:
 {¶ 70} "Q. Okay. Have you told me everything that you remember about what he said?
 {¶ 71} "A. Just she'd never make it in the ride down to Columbus, so that's when I told him to lifeflight her. He said he couldn't do that either because we can do it here.
 {¶ 72} "Q. Okay. I thought a minute ago you said that Lisa said let's lifeflight her, now you have just said you said that?
 {¶ 73} "A. Well, we both said it at the same time.
 {¶ 74} "Q. Okay. Do you remember anything else that Dr. Munther said other than she'll never make it, we can do it here?
 {¶ 75} "A. That's the only thing I remember.
 {¶ 76} "Q. And it is your understanding that you were present at all times that Dr. Munther was present with your wife?
 {¶ 77} "A. Right." Tr. at 61.
 {¶ 78} In addition to apparently resolving the factual dispute as to whether a misrepresentation was made in favor of appellee, the majority also concludes appellants' assignment of error should be overruled because of their failure to provide supportive expert medical opinion evidence as to the lack of necessity of the surgery; her condition on arrival at the hospital and ability to be transferred; or as to harm resulting therefrom.
 {¶ 79} However, Dr. Munther's own deposition testimony states:
 {¶ 80} "Q. Okay. What was that assessment.
 {¶ 81} "A. That this is a patient who is leaking succus, which is small bowel fluid from her incision which means small bowel fistula.
 {¶ 82} "Q. And the incision would have been the surgical wound?
 {¶ 83} "A. Correct, correct.
 {¶ 84} "Q. Was she in any acute distress?
 {¶ 85} "A. Se was — she was in distress but not life-threatening. She was in distress as I mentioned in my History and Physical.
 {¶ 86} "Q. In your opinion could she have been transferred to a hospital in Columbus?
"A. Say that again?
 {¶ 87} "Q. In your opinion could she have been transferred to a hospital in Columbus?
 {¶ 88} "A. Absolutely." Tr. at 14.
 {¶ 89} Accordingly, appellants are not required to overcome the consent to surgery with a medical opinion indicating Nancy Johnson's condition upon arrival or as to the ability to be transferred to another facility for treatment, as Dr. Munther's own testimony indicates Nancy Johnson's condition was not life-threatening and she could have been transferred to a Columbus hospital.
 {¶ 90} Accordingly, viewing the evidence in a light most favorable to the appellants, I would sustain appellants' first assignment of error and find a genuine issue of material fact remains for the jury as to whether Dr. Munther misrepresented Nancy Johnson's condition; thereby, invaliding the written consent.
 {¶ 91} I respectfully dissent from the majority's analysis of the second assignment of error. Its analysis of the statute of limitations is outside the arguments raised in the trial court, and was not argued to this Court in the parties' briefs. Therefore, I find it inappropriate to resolve the assignment of error based upon the statute of limitations.
 {¶ 92} I would reverse and remand the matter to the trial court for further proceedings.